Opinion issued August 3, 2006








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00787-CV




EVELYN CHURCHILL, Appellant

V.

DONNA KATHLEEN MAYO, AS ADMINISTRATRIX OF THE ESTATE
OF KENNETH DAVID CHURCHILL, DECEASED, Appellee




On Appeal from the County Court at Law No. 2
Fort Bend County, Texas
Trial Court Cause No. 11180 




O P I N I O N
          Appellant, Evelyn Churchill, appeals from a summary judgment rendered by
the trial court in favor of appellee, Donna Mayo, as administratrix of the estate of the
decedent, Kenneth David Churchill. The trial court’s judgment found that Evelyn had
abandoned her homestead rights in the property that is the subject of this dispute and
ordered Mayo to sell the homestead property and partition the proceeds. In her first
three issues, Evelyn asserts that the trial court erred by erroneously sustaining the
objections to her summary judgment affidavit and striking the affidavit, and by
rendering summary judgment against her, because her affidavit, if properly
considered, raised a genuine issue of material fact on Mayo’s claim that Evelyn was
not entitled to and had abandoned the homestead. We conclude that the trial court
erred in sustaining Mayo’s objections to Evelyn’s affidavit, which should have been
considered by the trial court as part of Evelyn’s summary judgment evidence. We
further conclude that the affidavit and copies of tax statements from 2002 were
sufficient evidence to raise a genuine issue of material fact on the issue of whether
Evelyn had abandoned the homestead. We therefore reverse the judgment and
remand the cause.
Background
          Evelyn and Kenneth married in 1984. In 1989, Kenneth died intestate. The
trial court appointed Mayo, one of Kenneth’s nieces, to be the administratrix of
Kenneth’s estate. In 1990, the trial court ordered Mayo to set aside real property
located in Fort Bend County for Evelyn’s use as a homestead. See Tex. Prob. Code
Ann. § 284 (Vernon 2003). Mayo immediately challenged the trial court’s order
declaring the property as Evelyn’s homestead by filing an Application for Partition
of Real Property by Sale and Partial Distribution. Evelyn responded by affidavit
dated May 30, 1990 that stated that Evelyn was in France to care for her ill father, that
she had traveled to the house four times in 1989, that she intended to return to the
house, and that she had not abandoned it.
          Fourteen years later, in 2004, Mayo and the other heirs filed a First Amended
Application for Partition of Real Property by Sale and Partial Distribution. In that
application, it was alleged that Evelyn had never attempted to occupy the property,
that she had rented or leased the property to tenants, and that she had resided in
France prior to and after Kenneth’s death. The First Amended Application requested
that the court (1) find that Evelyn had never occupied the property as her homestead,
(2) find that Evelyn had abandoned the property, and (3) order the sale of the property
and distribution of the proceeds. Mayo later filed a no-evidence motion for summary
judgment asserting that there was no evidence that Evelyn had established homestead
rights or, alternatively, that there was no evidence that Evelyn had not abandoned
those rights. 
          Evelyn filed a response to Mayo’s no-evidence motion, which response
included copies of four tax statements as its evidence. Evelyn’s response stated, “Not
only has [Evelyn] returned to the property on many occasions, she has also
maintained the tax payments on said property from 1989 until 2003. (See as an
example attached Tax documents of year 2002).” The four tax statements are entitled
“Tax Statement Fort Bend County L.I.D. #2,” “Fort Bend County 2002 Tax
Statement,” “2002 Fort Bend ISD Tax Statement,” and “City of Sugar Land Tax
Statement.”
           Evelyn also filed an affidavit that stated that she was entitled to the homestead
and had not abandoned it. Although the affidavit was not attached to her response to
the no-evidence motion for summary judgment, the affidavit was entitled “Affidavit
in Support of Evelyn T. Churchill’s Traverse, Response to Administratrix Donna
Kathleen Mayo’s ‘No Evidence’ Motion for Interlocutory Summary Judgment” and
was thus clearly identified as part of Evelyn’s summary judgment evidence. Her
affidavit stated:
Before me, the undersigned authority, personally appeared Evelyn T.
Churchill, who, being by me duly sworn, deposed as follows:
 
My name is Evelyn T. Churchill, I am of sound mind, capable of making
this affidavit, and personally acquainted with the facts herein stated:
 
. . .
 
5.I lived with [Kenneth] in the house that is contested in these
probate proceedings. We lived together as man and wife.
 
. . .
 
9. The contested property is my homestead, I consider it my
homestead and I have not abandoned it nor have I any intend [sic] to
abandon it.
 
10.I fully believe that I am entitled to homestead rights as I was the
wife of the decedent and we lived as man and wife. Furthermore, I have
never remarried after the death of [Kenneth] and I am leaving [sic]
temporarily in my son’s homestead.
 
11.I have supported and maintained the homestead by paying taxes
on the property, paying for its upkeep, and maintaining insurance upon
the property.
 
12.I never intended to prevent any heir of their inheritance. I rented
the aforesaid property at the recommendations of my legal counsel Mr.
G. Scott Fiddler . . . . Furthermore, the rental was intended to be
temporary until the estate is closed.

          Mayo filed written objections to Evelyn’s affidavit on the grounds that
(1)The affidavit did “not comport with Rule 166a in that it does not
clearly state that it is made of Evelyn[’s] . . . personal knowledge.”
 
(2)Evelyn did not swear that the statements in the affidavit were
“true and correct.”
 
(3)The affidavit did not “affirmatively show[] how [Evelyn] is
competent to the matters stated therein, i.e., how she has come to know
the facts.”
 
(4)The affidavit “does not set forth facts that would be admissible in
evidence.”

The trial court sustained these objections, in writing, on July 7, 2004, and ordered that
the affidavit was “inadmissible for all purposes.” The trial court found that Evelyn
had established homestead rights,


 but that she had abandoned the property “at least
as early as March 16, 1990, and that she has leased/rented the property to third parties
possibly commencing as early as March 16, 1990.” The court thus rendered summary
judgment because Evelyn had failed to produce competent summary judgment
evidence that she had not abandoned the property.
Jurisdiction
           Although neither party has asserted that this Court lacks jurisdiction, as a
preliminary matter, we must determine whether we have jurisdiction over this appeal
from a judgment that is styled as an “interlocutory” summary judgment. We also note
that the record shows that the administration of the estate remains pending in the
probate court and has not been closed. 
          The Probate Code provides, “All final orders of any court exercising original
probate jurisdiction shall be appealable to the courts of appeals.” Tex. Prob. Code
Ann. § 5(g) (Vernon 2003). The Supreme Court of Texas has adopted the following
test for probate appeals:
If there is an express statute, such as the one for the complete heirship
judgment, declaring the phase of the probate proceedings to be final and
appealable, that statute controls. Otherwise, if there is a proceeding of
which the order in question may logically be considered a part, but one
or more pleadings also part of that proceeding raise issues or parties not
disposed of, then the probate order is interlocutory. For appellate
purposes, it may be made final by a severance order . . . . A severance
order avoids ambiguities regarding whether the matter is appealable. 

Crowson v. Wakeham, 897 S.W.2d 779, 783 (Tex. 1995) (citations omitted). After
Crowson, the Austin Court of Appeals held: 
To be deemed final and appealable, an order rendered in a probate
proceeding need not finally dispose of the entire proceeding. A probate
proceeding consists of a continuing series of events, in which the
probate court may make decisions at various points in the administration
of the estate on which later decisions will be based. The need to review
controlling, intermediate decisions before an error can harm later phases
of the proceeding has been held to justify modifying the “one final
judgment” rule. 

Logan v. McDaniel, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied)
(citations omitted). 
          Here, there is no express statute governing the determination of an application
to partition a surviving spouse’s homestead. There is no severance order in the
record. The trial court’s judgment does not recite that it is a final, appealable order. 
Therefore, the question for this court is whether the “interlocutory” summary
judgment disposed of all the issues and parties involved in the current phase of the
probate proceeding. See id. The application to partition the homestead alleges that
Evelyn either had not established or had abandoned homestead rights in the property. 
The application sought a partition by sale and distribution of the funds and also
requested the applicants’ share of rental proceeds received by Evelyn. The no-evidence summary judgment motion concerned whether Evelyn had established
homestead rights and, if so, whether she had subsequently abandoned them. In
addition, the motion requested an accounting for any rental proceeds.
          The trial court’s judgment recited that Evelyn did have homestead rights, but
had abandoned them. The judgment further ordered Evelyn to account for all rental
proceeds received. Finally, the judgment ordered that the property be sold and that
the proceeds be distributed to Kenneth’s heirs. We conclude that the trial court’s
judgment disposes of all issues and parties in this portion of the probate proceedings. 
See Crowson, 897 S.W.2d at 781; Logan, 21 S.W.3d at 688. We thus have
jurisdiction over this appeal.
Abandonment of Homestead
          Abandonment of a homestead occurs when the homestead claimant ceases to
use the property and intends not to use it as a home again. Kendall Builders, Inc. v.
Chesson, 149 S.W.3d 796, 808 (Tex. App.—Austin 2004, pet. denied). Merely
changing residence is not, alone, an abandonment of the homestead. Id.; see
Farrington v. First Nat’l Bank, 753 S.W.2d 248, 251 (Tex. App.—Houston [1st Dist.]
1988, writ denied) (noting that “mere fact of acquiring and moving” to new property
does not show abandonment, absent intent not to return). Moving from homestead
property due to health reasons is not sufficient to show abandonment. Morris v.
Porter, 393 S.W.2d 385, 390 (Tex. Civ. App.—Houston 1965, writ ref’d n.r.e.). Nor
does temporary renting of the homestead constitute abandonment of the homestead. 
Hollifield v. Hilton, 515 S.W.2d 717, 721 (Tex. Civ. App.—Fort Worth 1974, writ
ref’d n.r.e.). Proof of intent not to use the property as a home again is required to
show abandonment. Id.; Morris, 393 S.W.2d at 388. Intent is generally a fact
question and may be shown by circumstantial evidence. City of Houston v. Jackson,
135 S.W.3d 891, 898 (Tex. App.—Houston [1st Dist.] 2004, no pet.). 
          “[A]nyone asserting abandonment [of a homestead] has the burden of proving
it by competent evidence.” Caulley v. Caulley, 806 S.W.2d 795, 797 (Tex. 1991)
(citing Sullivan v. Barnett, 471 S.W.2d 39, 43 (Tex. 1971)). Moreover, “[o]nce
homestead rights are shown to exist in property, they are presumed to continue.” Id. 
The issue of abandonment of the homestead, therefore, is one upon which Mayo bore
the burden of proof. The Motion for Summary Judgment 
          We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). We review a no-evidence summary judgment by
construing the record in the light most favorable to the non-movant and disregarding
all contrary evidence and inferences. Patriacca v. Frost, 98 S.W.3d 303, 306 (Tex.
App.—Houston [1st Dist.] 2003, no pet.). A trial court improperly renders a no-evidence summary judgment if the non-movant presents more than a scintilla of
probative evidence to raise a genuine issue of material fact. Greathouse v. Alvin
Indep. Sch. Dist., 17 S.W.3d 419, 423 (Tex. App.—Houston [1st Dist.] 2000, no pet.). 
More than a scintilla of evidence exists when the evidence “would allow reasonable
and fair-minded people to differ in their conclusions.” Forbes Inc. v. Granada
Biosciences, Inc., 124 S.W.3d 167, 172 (Tex. 2003). 
          Mayo filed a no-evidence motion for summary judgment asserting that there
was no evidence that Evelyn had established homestead rights or, alternatively, that
there was no evidence that Evelyn had not abandoned those rights. After adequate
time for discovery, a party “may move for summary judgment on the ground that there
is no evidence of one or more essential elements of a claim or defense on which an
adverse party would have the burden of proof at trial.” Tex. R. Civ. P. 166a(i);
accord Waite v. Woodard, Hall & Primm, P.C., 137 S.W.3d 277, 280 (Tex.
App.—Houston [1st Dist.] 2004, no pet.). A no-evidence motion for summary
judgment, however, is proper only when filed by the party that does not have the
burden of proof at trial. See Tex. R. Civ. P. 166a(i); Waite, 137 S.W.3d at 280–81. 
We note that Mayo had the burden of proving that Evelyn abandoned the homestead,
and thus Mayo could not properly move for a no-evidence summary judgment. See
Tex. R. Civ. P. 166a(i); Waite, 137 S.W.3d at 280. Evelyn, however, has not
challenged the trial court’s rendition of summary judgment on this basis and instead
asserts that her summary judgment evidence is sufficient to raise a fact issue on the
issue of abandonment.The Evidence
          Evelyn’s response to the motion for summary judgment included her affidavit
and tax statements. In her first issue, Evelyn asserts that the trial court erred by
sustaining the objections lodged by Mayo to the admission of the affidavit that was
part of Evelyn’s summary judgment proof. Evelyn asserts that the affidavit
“substantially complied” with the Rules of Evidence and the Rules of Civil
Procedure.
          An appellant complaining that a trial court erred in sustaining an objection to
summary judgment evidence must show that the trial court erred in sustaining the
objection and that the excluded evidence raises a genuine issue of material fact. See
Steinkamp v. Caremark, 3 S.W.3d 191, 197–98 (Tex. App.—El Paso 1999, pet.
denied). 
          The trial court sustained Mayo’s objection that Evelyn’s affidavit did “not
comport with Rule 166a in that it does not clearly state that it is made of Evelyn[’s]
. . . personal knowledge.” Rule 166a states that affidavits “shall be made on personal
knowledge . . . .” Tex. R. Civ. P. 166a(f). Evelyn’s affidavit avers, “My name is
Evelyn T. Churchill, I am of sound mind, capable of making this affidavit, and
personally acquainted with the facts herein stated.” By stating that she is “personally
acquainted with the facts herein stated,” the affidavit plainly represents that it is made
from her personal knowledge. See Grand Prairie Indep. Sch. Dist. v. Vaughan, 792
S.W.2d 944, 945 (Tex. 1990) (stating that summary judgment affidavit need not recite
the phrase “personal knowledge,” if affidavit is clear that affiant is testifying based
on personal knowledge). The trial court abused its discretion in concluding
otherwise. 
          The trial court also sustained Mayo’s objection that Evelyn did not swear that
the statements in the affidavit were “true and correct.” An affidavit that does not state
that the facts recited are true, but is based on personal knowledge and is subscribed
to and sworn before a notary public, is not defective. Fed. Fin. Co. v. Delgado, 1
S.W.3d 181, 184 (Tex. App.—Corpus Christi 1999, no pet.); Goggin v. Grimes, 969
S.W.2d 135, 138 (Tex. App.—Houston [14th Dist.] 1998, no pet.). Here, the affidavit
meets these requirements, and the trial court abused its discretion in ruling to the
contrary.
          The trial court further sustained Mayo’s objections that asserted that the
affidavit should be struck because Evelyn did not “affirmatively show[] how she is
competent to testify to the matters stated therein, i.e., how she has come to know the
facts,” and that the affidavit “does not set forth facts that would be admissible in
evidence.” An affidavit that clearly shows that the affiant is testifying from personal
knowledge is proper summary judgment evidence. See Grand Prairie, 792 S.W.2d
at 945. Evelyn’s affidavit states that she is “personally acquainted with the facts
herein stated.” It also states that she was married to the decedent and had lived in the
house in dispute. The affidavit stated that she had paid the insurance and taxes on the
house from the time of the 1990 order until the time of her affidavit. The affidavit
then describes her personal state of mind and intent concerning the homestead. It is
clear that all of these matters were within Evelyn’s personal knowledge. Thus, the
statements concerning these matters are proper summary judgment evidence. We
conclude that the trial court erred by sustaining Mayo’s objections to Evelyn’s
affidavit and by striking the affidavit from consideration as part of Evelyn’s summary
judgment proof.
          In this appeal, Mayo asserts for the first time an additional challenge to
Evelyn’s affidavit on the ground that it contains conclusory statements. Although this
objection was not presented to the trial court, we address it because conclusory
statements in an affidavit are defects of substance that may be raised for the first time
on appeal. See Rizkallah v. Conner, 952 S.W.2d 580, 587 (Tex. App.—Houston [1st
Dist.] 1997, no writ). Mayo’s brief states generally that “Conclusions of Law or Fact
. . . Are not Summary Judgment Proof,” but fails to identify which statements in the
affidavit are defective. No particular statement is identified as conclusory. We
conclude that Mayo presents nothing for review under this issue. See Tex. R. App.
P. 38.1(h) (“The brief must contain a clear and concise argument for the contentions
made, with appropriate citations to authorities and to the record.”); Wheeler v.
Methodist Hosp., 95 S.W.3d 628, 646 (Tex. App.—Houston [1st Dist.] 2002, no pet.).
          We hold that the trial court erred by sustaining the objections to Evelyn’s
affidavit and by striking the affidavit from evidence. We sustain Evelyn’s first issue.
          In her second issue, Evelyn asserts that she produced more than a scintilla of
evidence that she has not abandoned the homestead, and thus, summary judgment was
improper. Having held that the trial court erroneously struck Evelyn’s affidavit, we
further hold that the affidavit should have been considered as part of her summary
judgment evidence, in addition to the four tax statements that she supplied. Evelyn’s
affidavit states that she had lived in the house with Kenneth when they were married,
that the house is her homestead, that she did not abandon it, that she did not have any
intent to abandon it, that she was living temporarily at in her son’s homestead, and
that she rented the property temporarily. Evelyn further asserts in the affidavit that
she has supported and maintained the homestead by paying taxes on the property,
paying for its “upkeep,” and maintaining insurance on the property. Consistent with
that last statement, Evelyn’s summary judgment proof includes four tax statements
for 2002, made billable to her. Given the tax statements and Evelyn’s affidavit, we
conclude that Evelyn presented more than a scintilla of evidence that she had not
abandoned homestead rights in the property in response to Mayo’s motion for
summary judgment. See Patriacca, 98 S.W.3d at 306 (stating that reviewing court
must view evidence in light most favorable to non-movant). Because Evelyn’s proof
raises a genuine issue of material fact, the trial court erred by rendering the summary
judgment against her.
          We sustain Evelyn’s second issue.



Conclusion
          We reverse the judgment of the trial court and remand this cause. 
Furthermore, all pending motions relating to this appeal are denied as moot.



                                                             Elsa Alcala
                                                             Justice

Panel consists of Justices Keyes, Alcala, and Bland.