Opinion issued July 31, 2008
 

 




                









In The
Court of Appeals
For The
First District of Texas
________________________







NO. 01-07-00575-CV
________________________







LEAH POUNCY-PITTMAN, 
Individually and on behalf of the Heirs of the Estate of 
DELEARETTE MONTRAIL PITTMAN, Appellant

V.

PAPPADEAUX SEAFOOD KITCHEN, Appellee








On Appeal from the 190th District Court
 Harris County, Texas
Trial Court Cause No. 2006-63034








 

MEMORANDUM OPINION
          Appellant, Leah Pouncy-Pittman, individually and on behalf of the heirs of
the estate of Delearette Montrail Pittman, (“Pouncy-Pittman”) appeals the trial
court’s entry of final summary judgment against her, dismissing her wrongful
death action against Pappadeaux Seafood Kitchen (“Pappadeaux”). Pouncy-Pittman alleges the trial court erred because (1) genuine issues of material fact
precluded summary judgment; (2) the trial court failed to grant her motion to
continue the summary judgment hearing; and (3) the trial court failed to sustain her
objections to an affidavit by Pappadeaux’s expert witness. We affirm. 
BackgroundOn October 3, 2004, Delearette Montrail Pittman (“Pittman”) visited a
Pappadeaux Restaurant in Houston, Texas. At some point, Pittman stepped outside
to use his cell phone. While outside, Pittman was seen to be arguing with an
unknown person and witnesses then heard a gunshot. An off-duty Houston Police
Department Officer working as a security guard for Pappadeaux found Pittman,
shot in the chest, outside the restaurant. Pittman died that evening at a local
hospital. 
 

Pouncy-Pittman’s Negligence Suit 
          On October 2, 2006, Pouncy-Pittman filed suit as Pittman’s wife and on
behalf of his heirs, alleging that Pittman was an invitee at the time he was shot and
that Pappadeaux was negligent by, inter alia, failing to provide an adequate number
of trained security guards, failing to have necessary safety procedures, failing to
train its security guards and employees, and failing to take action to prevent such
crimes even though it was aware of allegedly similar incidents in the area. 
          Pappadeaux’s Motion for Summary Judgment
          On May 3, 2007—eight months after Pouncy-Pittman had filed her
lawsuit—Pappadeaux filed a traditional and no-evidence motion for final summary
judgment. Pappadeaux’s motion was set for hearing on May 25, 2007. The motion
argued that Pittman’s death was a targeted murder and Pappadeaux was therefore
not negligent because the murder was not foreseeable. Further, Pappadeaux argued
there was no evidence it had breached any duty it owed to Pittman. Pappadeaux
also asserted that Pouncy-Pittman lacked standing to file her lawsuit. 
          Pappadeaux’s motion for final summary judgment incorporated the affidavit
of its law enforcement and security expert, Dr. Merlyn Moore. Dr. Moore’s
affidavit described his academic experience and background. It also listed the
numerous documents he had reviewed, including the pleadings filed by Pouncy-Pittman, Pouncy-Pittman’s discovery responses, affidavits from seven
Pappadeaux’s employees, and news and police reports describing the crime. Based
upon his review of these documents, Dr. Moore opined that the shooting was not a
random event, and was instead a “targeted crime.” Further, after recounting recent
crime statistics for several surrounding restaurants, Dr. Moore opined that the
crime leading to Pittman’s death was “not reasonably foreseeable” to Pappadeaux
and that Pittman’s death was not a result of an “unreasonably dangerous condition”
that existed or could have been anticipated by Pappadeaux. In his affidavit, Dr.
Moore specifically referred to Timberwalk Apartments v. Cain, 972 S.W.2d 749
(Tex. 1998) as the basis for his analysis on the issue of whether the criminal act
leading to Pittman’s death was or should have been foreseeable to Pappadeaux.
The only document appearing in the appellate record as an attachment to Dr.
Moore’s affidavit is his 30-page resume.  
Pouncy-Pittman’s Response 
          Pouncy-Pittman filed her response to the motion for summary judgment on
May 18, 2007. In that response, Pouncy-Pittman produced evidence supporting her
standing and that of Pittman’s other heirs. Pouncy-Pittman objected to alleged
deficiencies in Moore’s affidavit, including the fact that Moore relied upon witness
affidavits that were not attached to his affidavit. She also complained that several
of Moore’s statements were irrelevant, inflammatory, and biased. Pouncy-Pittman
argued that several news reports contradicted Moore’s opinion that Pittman’s death
was the result of a targeted crime, but she did not specifically cite to those reports
or provide further explanation.
          Instead, Pouncy-Pittman repeatedly alleged that “further discovery” would
bring forth evidence that the crime leading to Pittman’s death was foreseeable to
Pappadeaux and that the restaurant should have taken steps to prevent such
foreseeable criminal acts. Finally, Pouncy-Pittman argued that Pappadeaux’s
motion for final summary judgment was “premature” because Pappadeaux filed the
motion 64 days before the end of the discovery period. Pouncy-Pittman attached
her affidavit to the response, giving her own recitation of the facts surrounding
Pittman’s murder and attesting to her status, and that of Pittman’s mother and
child, as Pittman’s heir. As exhibits to her affidavit, Pouncy-Pittman provided
Pittman’s death certificate, their marriage certificate and several news reports
regarding his death. 
          To further support her contention that the crime was or should have been
foreseeable to Pappadeaux, Pouncy-Pittman presented an affidavit from her
attorney, to which copies of news reports from media websites describing
Pittman’s murder were attached. Finally, Pouncy-Pittman presented a document
from CrimeStoppers giving details of the crime and offering a reward for the arrest
of the persons who committed it.
          Pappadeaux’s Reply
          Pappadeaux submitted a reply to the response, objecting to Pouncy-Pittman’s affidavit, and responding to Pouncy-Pittman’s motion to continue the
summary judgment hearing. In its reply to the response, Pappadeaux set forth
numerous written objections to Pouncy-Pittman’s affidavit, including that she
lacked personal knowledge of facts she set forth in theaffidavit, that she offered an
unsubstantiated legal conclusion, and that her statements were based on hearsay.
Pappadeaux’s response to the motion for continuance argued that a continuance
was not warranted because Pouncy-Pittman had been given ample time to conduct
discovery but had simply failed to do so. 
          The Summary Judgment Ruling
          The summary judgment hearing occurred on May 25, 2007. The trial court
did not sign an order ruling on the motion for continuance, but apparently agreed to
postpone ruling on the summary judgment motion for two weeks to allow Pouncy-Pittman to produce additional evidence on her behalf. The record does not show
Pouncy-Pittman submitted any such additional summary judgment evidence. On
June 13, 2007—a full nineteen days after the hearing—the trial court granted
Pappadeaux’s motion for final summary judgment as to all of Pouncy-Pittman’s
claims. The trial court’s order did not state the grounds upon which it granted
summary judgment. 
Summary Judgment
          In her first point of error, Pouncy-Pittman alleges genuine issues of material
fact existed and summary judgment against her was therefore improper. We
disagree. 
Standard of Review
          If the trial court does not state the grounds upon which it grants summary
judgment, an appellate court will affirm the judgment if any of the grounds set
forth by the movant is meritorious. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242
(Tex. 2001). We review the summary judgment evidence in the light most
favorable to the party against whom summary judgment was rendered, crediting
evidence favorable to that party if reasonable jurors could, and disregarding
contrary evidence unless reasonable jurors could not. See Mack Trucks, Inc. v.
Tamez, 206 S.W.3d 572, 582 (Tex. 2006); City of Keller v. Wilson, 168 S.W.3d
802, 827 (Tex. 2005).
          In a no-evidence summary judgment motion, the movant contends that there
is no evidence of one or more essential elements of the claims for which the non-movant would bear the burden of proof at trial. Tex. R. Civ. P. 166a (i). The trial
court must grant the motion unless the non-movant produces competent summary
judgment evidence raising a genuine issue of material fact on the challenged
elements. Id. See Hamilton v. Wilson, --- S.W.3d ----, No. 07-0164, 249 S.W.3d
425, 2008 WL 820717, at *1 (Tex. Mar. 28, 2008); Morgan v. Anthony, 27 S.W.3d
928, 929 (Tex. 2000). The non-moving party is “not required to marshal its proof;
its response need only point out evidence that raises a fact issue on the challenged
elements.” Tex. R. Civ. P. 166a(i) (Notes & Comments 1997). On review, we
ascertain whether the non-movant produced more than a scintilla of probative
evidence to raise a genuine issue of material fact. Jackson v. Fiesta Mart, 979
S.W.2d 68, 70-71 (Tex. App.—Austin 1998, no pet.). More than a scintilla of
evidence exists if the evidence “‘rises to a level that would enable reasonable and
fair-minded people to differ in their conclusions.’” King Ranch, Inc. v. Chapman,
118 S.W.3d 742, 751 (Tex. 2003) (quoting Merrell Dow Pharms., Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997)). If the evidence does no more than create a mere
surmise or suspicion of fact, less than a scintilla of evidence exists. Havner, 953
S.W.2d at 711. 
          For a party to prevail on a traditional motion for summary judgment, he
must conclusively establish the absence of any genuine question of material fact
and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c).
Summary judgment is proper if the movant disproves at least one element of each
of the non-movant’s claims or conclusively establishes every element of an
affirmative defense to each claim. American Tobacco, 951 S.W.2d at 425;
Randall’s Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex.1995). Once
the movant has established a right to summary judgment, the non-movant has the
burden to respond to the motion for summary judgment and present to the trial
court any issues that would preclude summary judgment. Casso v. Brand, 776
S.W.2d 551, 556 (Tex. 1989); City of Houston v. Clear Creek Basin Authority, 589
S.W.2d 671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.
App.—Houston [1st Dist.] 1996, writ denied). Issues that the non-movant contends
preclude the granting of a summary judgment must be expressly presented to the
trial court by written answer or other written response to the motion and not by
mere reference to summary judgment evidence. McConnell v. Southside Sch. Dist.,
858 S.W.2d 337, 341 (Tex. 1993)
          Where, as here, a party files a combination traditional and no-evidence
motion for summary judgment, we first review the trial court’s judgment under the
more stringent “no-evidence” standard of Rule 166a(i). See Ford Motor Co. v.
Ridgway, 135 S.W.3d 598, 600 (Tex. 2004); East Hill Marine, Inc. v. Rinker Boat
Co., Inc., 229 S.W.3d 813, 816 (Tex. App.—Fort Worth 2007, pet. denied). If the
non-movant fails to produce more than a scintilla of evidence under that burden,
then we need not analyze whether the non-movant’s proof satisfied the burden
under a traditional summary judgment review pursuant to Rule 166a(c). Ridgway,
135 S.W.3d at 600.
Analysis
          A negligence cause of action has three elements: (1) a legal duty owed by
one person to another, (2) a breach of that duty, and (3) damages proximately
caused by the breach. D. Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002).
The threshold inquiry in a negligence case is duty. Centeq Realty, Inc. v. Siegler,
899 S.W.2d 195, 197 (Tex. 1995); Mathis v. RKL Design/Build, 189 S.W.3d 839,
844 (Tex. App.—Houston [1st Dist.] 2006, no pet.). The existence of duty is a
question of law for the court to decide from the facts surrounding the occurrence at
issue. Van Horn v. Chambers, 970 S.W.2d 542, 544 (Tex. 1998); Siegler, 899
S.W.2d at 197; Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525
(Tex. 1990). In determining whether a duty exists, a court should consider several
interrelated factors, including the risk, foreseeability, and likelihood of injury
weighed against the social utility of the actor’s conduct, the magnitude of the
burden of guarding against the injury, and the consequences of placing the burden
on the defendant. Mission Petroleum Carriers, Inc. v. Solomon, 106 S.W.3d 705,
710 (Tex.2003); Bird v. W.C.W., 868 S.W.2d 767, 769 (Tex. 1994); Phillips, 801
S.W.2d at 525. Of all these factors, foreseeability of the risk is the foremost and
dominant consideration. Phillips, 801 S.W.2d at 525. 
          Foreseeability requires only that the general danger, not the exact sequence
of events that produced the harm, be foreseeable. Mellon Mortgage Co. v. Holder,
5 S.W.3d 654, 655 (Tex. 1999); Walker v. Harris, 924 S.W.2d 375, 377 (Tex.
1996); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 551 (Tex. 1985). The
Texas Supreme Court has articulated a two-prong test for foreseeability: (1) that
the injury be of such a general character as might reasonably have been
anticipated; and (2) that the injured party should be so situated with relation to the
wrongful act that injury to him or one similarly situated might reasonably have
been foreseen. Mellon Mortgage, 5 S.W.3d at 655; Nixon, 690 S.W.2d at 551.
“Generally, a person has no legal duty to protect another from the criminal
acts of a third person.” Butcher v. Scott, 906 S.W.2d 14, 15 (Tex. 1995); Siegler,
899 S.W.2d at 199. Property owners, however, owe a duty to those who may be
harmed by the criminal acts of third parties if the risk of criminal conduct is so
great that it is both unreasonable and foreseeable. See Mellon Mortgage, 5 S.W.3d
at 655; Timberwalk Apts., Partners, Inc. v. Cain, 972 S.W.2d 749, 756 (Tex.
1998); Nixon, 690 S.W.2d at 550. In considering whether the risk of a particular
criminal act was so foreseeable and unreasonable as to impose a duty upon a
landowner to an alleged invitee such as Pittman, courts first examine the particular
criminal conduct that occurred in light of “specific previous crimes on or near the
premises.” Mellon Mortgage, 5 S.W.3d at 656 (quoting Walker, 924 S.W.2d at
377). The Texas Supreme Court described this examination in Timberwalk:
In determining whether the occurrence of certain criminal conduct on
a landowner’s property should have been foreseen, courts should
consider whether any criminal conduct previously occurred on or near
the property, how recently it occurred, how often it occurred, how
similar the conduct was to the conduct on the property, and what
publicity was given the occurrences to indicate that the landowner
knew or should have known about them. 
 
Timberwalk, 972 S.W.2d at 757. If, after applying the Timberwalk factors, a court
determines that the general danger of the criminal act was foreseeable, it then
applies the second prong of the foreseeability analysis and determine whether it
was reasonably foreseeable that the injured party, or one similarly situated, would
be the victim of the criminal act. Mellon Mortgage, 5 S.W.3d at 656-57. “In
essence, [courts] consider whether the plaintiff was within the range of the
defendant’s apprehension such that her injury was foreseeable.” Id. at 657 (citing
Palsgraf v. Long Island R.R., 248 N.Y. 339, 344, 162 N.E. 99, 100 (1928)); see
also Siegler, 899 S.W.2d at 197.
          The summary judgment evidence, reviewed in the light most favorable to
Pouncy-Pittman, shows Pappadeaux’s expert Dr. Merlyn Moore reviewed various
police and news reports and opined that Pittman was murdered by someone who
knew him and who knew he was at Pappadeaux that evening. Based upon this
conclusion, as well as the reports of other crimes from particular surrounding areas,
he stated that Pittman’s murder was not so foreseeable and unreasonable as to
impose a duty upon Pappadeaux. Pouncy-Pittman did not challenge Dr. Moore’s
credentials, nor did she object to his reliance on the referenced police and news
reports.


 Instead, she attached her own affidavit, presenting evidence of her
standing as Pittman’s wife, as well as that of Pittman’s mother’s and child’s
standing as his heirs. 
We conclude Pouncy-Pittman failed to bring forth even a scintilla of
evidence raising a genuine issue of material fact on her challenged negligence
claim against Pappadeaux. For example, she did not present any evidence
demonstrating that the crime was or should have been foreseeable to Pappadeaux
under Timberwalk. None of documents she submitted contain information
regarding crime statistics for the surrounding area, nor do they discuss “specific
previous crimes on or near the premises.”


 Nor was Pouncy-Pittman’s conclusory
allegation that the area was “widely known” to be dangerous and that “numerous
violent crimes” had occurred in the general area sufficient to survive a no-evidence
summary judgment motion. Conclusory or speculative opinion testimony does not
tend to make the existence of a material fact “more or less probable” and is neither
relevant nor competent. Coastal Transp. Co. v. Crown Cent. Petroleum. Corp., 136
S.W.3d 227, 232 (Tex. 2004) (quoting Tex. R. Evid. 401). A trial court presented
with purported evidence that is merely conclusory or speculative on its face need
not go beyond the face of the record to test its reliability. Coastal Transp. Co., 136
S.W.3d at 233.
Accordingly, Dr. Moore’s opinion that the murder of Pittman was not
foreseeable to Pappadeaux—as supported by the facts he recited from the
unchallenged police reports, news reports and crime statistics—was
uncontroverted. We recognize that, because the question of duty is a question of
law for the court, an expert cannot properly opine regarding the existence of a duty.
See, e.g., Drennan v. Cmty. Health Inv. Corp., 905 S.W.2d 811, 824 (Tex.
App.—Amarillo 1995, writ denied). Further, in premises liability cases, expert
testimony alone is insufficient to raise a fact issue on foreseeability. Allright San
Antonio Parking Inc. v. Kendrick, 981 S.W.2d 250, 255 (Tex. App.—San Antonio
1998, no pet.). However, even when faced with a no-evidence summary judgment
motion against her, Pouncy-Pittman failed to produce more than a scintilla of
evidence showing that Pappadeaux had a duty under Timberwalk to Pittman and
that it breached that duty. Pappadeaux, on the other hand, produced an affidavit
that contained unchallenged factual assertions supporting a conclusion that it did
not owe a duty to Pittman. Accordingly, the trial court properly entered final
summary judgment in Pappadeaux’s favor. We overrule Pouncy-Pittman’s first
point of error. 
Continuance
          In her second point of error, Pouncy-Pittman alleges the trial court
improperly failed to grant her motion to continue the summary judgment hearing. 
Standard of Review
          Generally, a trial court’s action in granting or denying a motion for
continuance will not be disturbed on appeal unless the record discloses an abuse of
discretion. See Gen. Motors Corp. v. Gayle, 951 S.W.2d 469, 476 (Tex. 1997)
(orig. proceeding); Sw. Country Enters. v. Lucky Lady Oil Co., 991 S.W.2d 490,
493 (Tex. App.—Fort Worth 1999, pet. denied). In the summary judgment context,
a court may order a continuance if the party opposing the motion cannot “for
reasons stated present by affidavit facts essential to justify his opposition.” Joe v.
Two Thirty Nine Joint Venture, 145 S.W.3d 150, 161 (Tex. 2004) (citing Tex. R.
Civ. P. 166a(g)). 
Rule 251 requires the party moving for a continuance to include an affidavit
showing sufficient cause for the continuance with its affidavit. Tex. R. Civ. P. 251;
see also Tri-Steel Structures, Inc. v. Baptist Found. of Tex., 166 S.W.3d 443, 448
(Tex. App.—Fort Worth 2005, pet. denied). If the request is based upon “want of
testimony,” the affidavit must set forth facts showing “due diligence to procure
such testimony, stating such diligence, and the cause of failure, if known.” Tex. R.
Civ. P. 252. Assuming without deciding that the trial court did in fact deny
Pouncy-Pittman’s motion to continue the summary judgment hearing, we conclude
no abuse of discretion is shown.
Analysis
          The failure of a litigant to diligently use the rules of civil procedure for
discovery purposes does not support the granting of a continuance. See State v.
Wood Oil Distrib., Inc., 751 S.W.2d 863, 865 (Tex. 1988). A court will not be
required to grant a continuance when the allegations in the motion, examined in
light of the record, show a complete lack of diligence. See id. (citing Fritsch v. J.M.
English Truck Line, Inc., 151 Tex. 168, 246 S.W.2d 856, 858-59 (1952)).
Pouncy-Pittman’s motion to continue the summary judgment hearing was
based upon her counsel’s failure to procure discovery supporting her claim.
Specifically, in the affidavit attached to the motion, Pouncy-Pittman’s attorney
listed the names of the employees of Pappadeaux whom he would seek to depose,
and stated he would also seek to depose Pappadeaux’s expert, Dr. Moore. He also
stated he would seek to obtain a “complete” investigation file from the Houston
Police Department, and to obtain additional information regarding crimes
committed on surrounding properties. 
As an excuse for his failure to conduct discovery in the eight months since
the case had been filed, Pouncy-Pittman’s counsel claimed he did not know the
names of any of the employee witnesses until he received Dr. Moore’s affidavit on
May 3, 2007, and that he was not aware of Dr. Moore’s identity or opinions until
served with Pappadeaux’s motion for summary judgment. There is no evidence,
however, that he diligently sought such information via interrogatories or requests
for disclosure prior to moving for a continuance of the summary judgment hearing.
Pouncy-Pittman’s counsel did not even provide a cursory summary of any
discovery he had undertaken on behalf of his clients to obtain this supposedly vital
information. Nor did he demonstrate he had previously sought the crime statistics
and investigative file listed in his affidavit from the Houston Police Department, or
any other third party. In short, there was no evidence he had undertaken any
discovery in the eight months the case had been on file. On these facts, which
demonstrate a lack of diligence, we cannot say the trial court’s denial of the
continuance was an abuse of its discretion. We overrule Pouncy-Pittman’s second
point of error. 
Expert Affidavit
          In her third point of error, Pouncy-Pittman alleges the trial court should have
sustained her objections to Dr. Moore’s affidavit on the grounds that Dr. Moore
relied upon witness affidavits that he did not attach to his own affidavit, Dr.
Moore’s statements were conclusory, and two of Dr. Moore’s statements contained
inadmissible hearsay. Pouncy-Pittman raised these same objections in the trial
court regarding the employees’ affidavits. A ruling on these objections, however,
does not appear in the appellate record. 
           Standard of Review
          A trial judge’s decision to admit or exclude evidence is reviewed for abuse
of discretion. Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 906 (Tex.
2000). A trial judge abuses his discretion when he makes a decision without
reference to any guiding rules or principles. Garcia v. Martinez, 988 S.W.2d 219,
222 (Tex. 1999). Unless the trial judge’s erroneous evidentiary ruling probably
caused the rendition of an improper judgment, we will not reverse the ruling. Auld,
34 S.W.3d at 906.  
          Analysis 
          First, Pouncy-Pittman alleges that Dr. Moore’s affidavit referred to
documents that were not attached, and that it contained conclusory statements and
opinions not supported by the facts The Dallas Court of Appeals has categorized
this objection as a complaint that an affidavit is conclusory, which goes to the
substance of the affidavit. Paragon Gen. Contractors, Inc. v. Larco Constr., Inc.,
227 S.W.3d 876, 884 (Tex. App.—Dallas 2007, no pet.). Similarly, Pouncy-Pittman’s general complaint that Dr. Moore’s affidavit is conclusory is a
substantive complaint. Green v. Indus. Specialty Contractors, Inc., 1 S.W.3d 126,
130 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Objections to the substance of
an affidavit are not waived by the failure to obtain a ruling from the trial court on
the objections—they may be raised for the first time on appeal. Rizkallah v.
Conner, 952 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no writ);
Paragon, 227 S.W.3d at 884. Accordingly, Pouncy-Pittman need not have secured
a ruling on her first and second objections in order to raise them on appeal. 
          As to her first objection, Pouncy-Pittman correctly states that Texas Rule of
Civil Procedure 166a(f) states that “[s]worn or certified copies of all papers or
parts thereof referred to in an affidavit shall be attached thereto or served
therewith.” Tex. R. Civ. P. 166a(f). However, we note that the employee
affidavits were not the sole source of Dr. Moore’s statements. Instead, the bulk of
Dr. Moore’s affidavit related to the description and analysis of information he said
that he obtained from the Houston Police Department and broadcast news reports,
and the role this information played in substantiating his conclusion that the crime
in question was not foreseeable to Pappadeaux. The record does not reflect that
Pouncy-Pittman objected to Dr. Moore’s reliance upon these documents. 
Accordingly, Dr. Moore’s opinions based upon these documents could have
supported the trial court’s final summary judgment against Pouncy-Pittman. 
Further, we note that Pouncy-Pittman failed to adduce a scintilla of evidence
raising a fact issue as to whether Pappadeaux owed Pittman a duty under
Timberwalk, or that it violated such a duty, and the trial court therefore need not
have even considered Dr. Moore’s affidavit when granting final summary
judgment against her. Accordingly, we cannot say that the trial court’s failure to
exclude whichever of Dr. Moore’s opinions were based upon the employee
affidavits probably caused it to render an improper judgment. See Auld, 34 S.W.3d
at 906. 
          As to her second objection, Pouncy-Pittman does not specify which
statements of Dr. Moore’s she believes are conclusory or without support. A brief
that “fails to identify which statements in the affidavit are defective” is inadequate.
Churchill v. Mayo, 224 S.W.3d 340, 347 (Tex. App.—Houston [1st Dist.] 2006,
pet. denied); Tex. R. App. P. 38.1(h) (“The brief must contain a clear and concise
argument for the contentions made, with appropriate citations to authorities and to
the record.”). Further, the trial court could have properly entered summary
judgment against her based on her own failure to adduce any evidence raising a
genuine issue of material fact as to her claims against Pappadeaux. Accordingly,
we do not reach the issue of whether Dr. Moore’s affidavit did indeed contain
conclusory statements. Tex. R. App. P. 47.1. 
          Pouncy-Pittman’s third complaint regarding the alleged hearsay incorporated
within Dr. Moore’s affidavit goes to the form and not the substance of the
evidence. See, e.g., Wilson v. Gen. Motors Acceptance Corp., 897 S.W.2d 818,
821-22 (Tex. App.—Houston [1st Dist.] 1994, no writ) (hearsay in an affidavit is a
defect in form). Defects in form of an affidavit must be objected to, and the
opposing party must have the opportunity to amend. Brown v. Brown, 145 S.W.3d
745, 751 (Tex. App.—Dallas 2004, pet. denied). The failure to obtain a ruling on
an objection to a defect in form waives the objection. Id. Accordingly, it was
incumbent upon Pouncy-Pittman not only to object, but also to have secured a
ruling on her objection to preserve those complaints for appeal.


 Pouncy-Pittman
failed to obtain a ruling on any of her objections to Pappadeaux’s summary
judgment evidence. Thus, her complaints regarding the alleged hearsay in Dr. 
Moore’s affidavit are overruled as not preserved. See Tex. R. App. P. 38.1. We
overrule Pouncy-Pittman’s third point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Nuchia, Alcala, and Hanks.