**Affirm in part; Reverse and Remand in part; Opinion Filed November 26, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01095-CV

### JANOS FARKAS, Appellant
### V.
### AURORA LOAN SERVICES, LLC, AURORA BANK FSB, FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellees

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-02053-G**

## MEMORANDUM OPINION
Before Justices Moseley, Lang, and Brown
Opinion by Justice Moseley

Plaintiff/appellant Janos Farkas appeals from a joint no-evidence and traditional summary judgment granted in favor of defendants/appellees Aurora Loan Services, LLC (Aurora), Aurora Bank FSB (Aurora Bank), and Federal National Mortgage Association in a non-judicial foreclosure lawsuit. In four issues, Farkas argues Aurora is not the mortgagee or mortgage servicer and, therefore, Aurora lacked the authority to foreclose on his property; the affidavit supporting the motion for summary judgment is insufficient; and the summary judgment evidence is legally insufficient to defeat his claims for wrongful foreclosure and suit to quiet title. The background of the case and the evidence adduced below are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we

issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment in part and reverse in part.

## BACKGROUND

Farkas purchased condominium Unit 608 located at 122 Jackson Street, Dallas, Texas 75202.[1] He executed a promissory note specifying WR Starkey Mortgage, L.L.P. (WR Starkey) as the "Lender." To secure the note, Farkas also executed a deed of trust identifying WR Starkey as the "Lender" and Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for WR Starkey and WR Starkey's successors and assigns.

WR Starkey sold the note to Aurora Bank, and sent Farkas a Notice of Loan Transfer letter directing Farkas to remit future payments to "Aurora Loan Services, Inc." Evidence in the record shows Aurora Loan Services, Inc. and Aurora are the same entity. Aurora Bank then sold the note to Fannie Mae through a standing purchase-sale agreement. During all times relevant to this lawsuit, Aurora acted as the loan servicer.

Farkas defaulted on his loan obligations, and the promissory note and deed of trust were transferred to Aurora to begin foreclosure proceedings. Subsequently, Aurora foreclosed on Unit 608. Farkas sued appellees for: declaratory judgment; verification of debt; violations of the Texas Civil Practice and Remedy Code, Texas Debt Collection Act, and Texas Deceptive Trade Practices Act; wrongful foreclosure; and to quiet title. Appellees filed a joint no-evidence and traditional motion for summary judgment, which the trial court granted. This appeal followed.

## STANDARDS OF REVIEW

We review the trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We apply the well-established standards for

---

[1] Farkas also purchased condominium Unit 802 in the same building. Unit 802 was also the subject of the underlying litigation; however, Unit 802 is not the subject of this appeal.

reviewing summary judgments. *See* TEX. R. CIV. P. 166a(c), (i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310–11 (Tex. 2009) (no-evidence summary judgment standard of review); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985) (traditional summary judgment standard of review). When the motion for summary judgment presents both no-evidence and traditional grounds, we first review the propriety of the summary judgment under the rule 166a(i) no-evidence standards. *Shaun T. Mian Corp. v. Hewlett–Packard Co.*, 237 S.W.3d 851, 855 (Tex. App.—Dallas 2007, pet. denied) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)).

A no-evidence motion for summary judgment under rule 166a(i) must challenge specific elements of the opponent's claim or defense on which the opponent will have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The opponent must then present summary judgment evidence raising a genuine issue of material fact to support the challenged elements. *Id.* A genuine issue of material fact exists if the non-movant produces more than a scintilla of evidence supporting the existence of the challenged element. *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004).

A traditional motion for summary judgment must show there is no genuine issue as to a specified material fact and, therefore, the moving party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). For a defendant to prevail on a traditional motion for summary judgment, he must either disprove at least one element of the plaintiff's claim as a matter of law, or conclusively establish all elements of an affirmative defense. *Friendswood Dev. Co. v. McDade + Co.*, 926 S.W.2d 280, 282 (Tex. 1996); *Kalyanaram v. Univ. of Tex. Sys.*, 230 S.W.3d 921, 925 (Tex. App.—Dallas 2007, pet. denied). If the movant meets its burden, then and only then must the non-movant respond and present evidence raising a fact issue. *See Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999).

## NO-EVIDENCE SUMMARY JUDGMENT

Appellees' no-evidence motion was limited to the contention that there is no evidence in the Unit 608 loan documents that the agreements disclaim the obligation of good faith, diligence, reasonableness, or care arising from TEX. BUS. & COM. CODE ANN. § 1.302(b) (West 2009). On appeal, Farkas argues appellees' motion is legally insufficient to support a no-evidence summary judgment on any of his "claims other than those arising from TEX. BUS. & COM[]. CODE [ANN.] § 1.302." We agree. However, because appellees specifically challenged Farkas's claim arising from section 1.302(b), Farkas was required to present summary judgment evidence raising a genuine issue of material fact to support the challenged claim. TEX. R. CIV. P. 166a(i). Farkas did not to cite to any evidence to raise a genuine issue of material fact supporting his claim arising from TEX. BUS. & COM. CODE ANN. § 1.302. *See Benners v. Blanks Color Imaging, Inc.*, 133 S.W.3d 364, 368 (Tex. App.—Dallas 2004, no pet.). Thus, the trial court did not err by granting appellees' no-evidence motion for summary judgment as to that claim.

## TRADITIONAL SUMMARY JUDGMENT

In his first three issues, Farkas argues Aurora is not a "mortgagee" or "mortgage servicer," and therefore did not have the authority to foreclose on Unit 608. Chapter 51 of the Texas Property Code, which governs non-judicial foreclosures, authorizes either a mortgagee or a mortgage servicer acting on behalf of a mortgagee to sell real property under a "power of sale conferred by a deed of trust." *See* TEX. PROP. CODE §§ 51.0001(3), (4), 51.002, 51.0025 (West Supp. 2013). A "mortgagee" is "(A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4). A mortgagee may be the mortgage servicer. *Id.* § 51.0001(3).

Appellees' summary judgment motion included an affidavit of the legal liaison of Aurora Bank, Kristen Trompisz, in which she averred Aurora possessed the note and was the assignee of the deed of trust at the time it foreclosed. The affidavit authenticated several business records including the note and the deed of trust. We refer to the business records in our analysis.

Farkas argues the affidavit is not competent evidence because it does not name Trompisz's employer; however, the affidavit states Trompisz is employed by Aurora Bank as a legal liason. He also argues the affidavit does not recite that Aurora regularly maintained the records produced; however, it states the business records attached were kept in the regular course of Aurora's business. Farkas's complaint that the affidavit does not comply with Colorado law is unavailing, as Texas law, not Colorado law, specifies the form of the affidavit. *See generally* TEX. R. EVID. 902(10)(b).

Farkas challenges Trompisz's personal knowledge of the statements in the affidavit, including her testimony about the MERS tracking system. Trompisz's affidavit established her personal knowledge by stating she is employed as a legal liaison for Aurora Bank, Aurora Bank is the sub-servicer of Aurora, she is personally acquainted with the facts stated in the affidavit, and she has access to and is familiar with the records attached to the affidavit. *See Cooper v. Circle Ten Council Boy Scouts of Am.*, 254 S.W.3d 689, 698 (Tex. App.—Dallas 2008, no pet.); *Churchill v. Mayo,* 224 S.W.3d 340, 346 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). Thus we reject Farkas's argument.

Farkas also disputes the factual accuracy of the statements in the affidavit. However, Farkas does not cite to any evidence in the record controverting the appellees' evidence. Farkas's unsupported assertions that the affidavit is factually inaccurate are insufficient. *See Martin v. Cadle Co.*, 133 S.W.3d 897, 904 (Tex. App.—Dallas 2004, pet. denied). Having

reviewed Trompisz's affidavit and Farkas's arguments, we conclude the affidavit is sufficient and the business records were properly considered as summary judgment evidence.

The Deed of Trust for Unit 608, attached to Trompisz's affidavit, identifies MERS as "a *beneficiary* under this Security Instrument" and "nominee for Lender and Lender's successors and assigns." (emphasis added). Thus, MERS was a "mortgagee." *See* TEX. PROP. CODE § 51.0001(4)(A) (defining a "beneficiary . . . of a security instrument" as a mortgagee). When MERS executed the assignment to Aurora, Aurora obtained all of MERS's rights to and interests in the deed of trust (originating from the Lender and Lender's successors and assigns), including the "right to foreclose and sell the Property." *See Campbell v. Mortg. Elec. Registration Sys.,* No. 03–11–00429–CV, 2012 WL 1839357, at *5 (Tex. App.—Austin May 18, 2012, pet. denied) (mem. op.) (citing *Athey v. Mortg. Elec. Registration Sys.,* 314 S.W.3d 161, 166 (Tex. App.—Eastland 2010, pet. denied)).

Farkas also argues that Aurora was required to own or hold the promissory note before it could foreclose on the deed of trust for Unit 608. We disagree. When a debt is memorialized by a note and a lien, the note and the lien constitute two separate bundles of rights and obligations. *See Stephens v. LPP Mortg., Ltd.,* 316 S.W.3d 742, 747 (Tex. App.—Austin 2010, pet. denied). A non-judicial foreclosure enforces the deed of trust, not the underlying promissory note. *See Slaughter v. Qualls,* 139 Tex. 340, 346, 162 S.W.2d 671, 675 (1942); *see also Mortg. Elec. Registration Sys., Inc. v. Khyber Holdings, L.L.C.*, No. 01-11-00045-CV, 2012 WL 3228717, at * 4 (Tex. App.—Houston [1st Dist.] Aug. 9, 2012, no pet.) (mem. op.). A party asserting an interest under the deed of trust is not required to possess the corresponding note as a prerequisite to foreclosure. *See Bierwirth v. BAC Home Loans Servicing, L.P.,* No. 03-11-00644-CV, 2012 WL 3793190, at *3-4 (Tex. App.—Austin Aug. 30, 2012, no pet.) (mem. op.). Because Aurora

was the assignee of the deed of trust, it was not required to also hold the note before it could non-judicially foreclose.

Nevertheless, appellees introduced evidence showing Aurora was in possession of the original note, which was endorsed to "blank." A "holder" is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." TEX. BUS. & COM. CODE ANN. § 1.201(b)(21)(A) (West 2009). An instrument containing a blank endorsement is payable to the bearer and may be negotiated by transfer of possession alone. *See id.* § 3.205 (West 2002). Accordingly, Aurora was the "holder" of Farkas's note because it was in possession of the note—a negotiable instrument—that was endorsed payable to its bearer at the time of the foreclosure. Therefore, even if Aurora had been required to hold the promissory note, as Farkas argues, it did so prior to the foreclosure.

We conclude Aurora became a "mortgagee" and was authorized to conduct the foreclosure under the Property Code when MERS assigned the deed of trust. *See* TEX. PROP. CODE §§ 51.0001(4), 51.002.

Because Aurora is a "mortgagee," we need not address whether Aurora is also a "mortgage servicer." The Texas Property Code authorizes either a mortgagee or a mortgage servicer to sell real property under a "power of sale conferred by a deed of trust." *See* TEX. PROP. CODE §§ 51.002, 51.0025 (West Supp. 2012). Determining whether Aurora was a mortgage servicer as well as a mortgagee would not entitle Farkas to any additional relief. *See* TEX. R. APP. P. 47.1.

We overrule Farkas's first, second, and third issues.

Farkas's fourth issue states: "Appellees' traditional motion fails to identify and negate at lease one essential element of each of Farkas['s] causes of action." However, this broad argument is made only in a heading in his brief. The substance of his argument is that

"Appellees' motion fails to [] negate[] any essential element of Farkas['s] causes of action for wrongful disclosure or suit to quiet title." With that argument we agree.

A traditional motion for summary judgment must state "the specific grounds therefor." TEX. R. CIV. P. 166a(c); *see also Fed. Deposit Ins. Corp. v. Lenk,* 361 S.W.3d 602, 609 (Tex. 2012) ("[C]ourt cannot grant summary judgment on grounds that were not presented." (citation omitted)); *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 339 (Tex. 1993) (motion must expressly present grounds for summary judgment). "Grounds" refers to the reasons entitling the movant to summary judgment. *McConnell*, 858 S.W.2d at 339 n.2. We "cannot read between the lines, infer or glean from the pleadings or the proof any grounds for granting the summary judgment other than those grounds expressly set forth before the trial court." *Id.* at 343 (citation omitted).

Appellees' motion does not expressly present grounds for summary judgment on Farkas's claims for wrongful foreclosure or suit to quiet title. Thus, the trial court erred by granting summary judgment on those claims. We reverse the summary judgment on Farkas's claims for wrongful foreclosure and suit to quiet title and remand those claims for further proceedings.

## CONCLUSION

We reverse the trial court's judgment on Farkas's claims for wrongful foreclosure and suit to quiet title, and remand those claims to the trial court for further proceedings. We affirm the remainder of the trial court's judgment.

/Jim Moseley/
JIM MOSELEY
JUSTICE

121095F.P05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JANOS FARKAS, Appellant

No. 05-12-01095-CV          V.

AURORA LOAN SERVICES, LLC,
AURORA BANK FSB, FEDERAL
NATIONAL MORTGAGE
ASSOCIATION, Appellees

On Appeal from the 134th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-11-02053-G.
Opinion delivered by Justice Moseley.
Justices Lang and Brown participating.

       In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment on appellant Janos Farkas's claims for wrongful foreclosure and suit to quiet title. We **REMAND** this cause to the trial court for further proceedings as to those claims. In all other respects, the trial court's judgment is **AFFIRMED**.

       It is **ORDERED** that appellees AURORA LOAN SERVICES, LLC, AURORA BANK FSB, FEDERAL NATIONAL MORTGAGE ASSOCIATION recover their costs of this appeal from appellant JANOS FARKAS.


Judgment entered this 26th day of November, 2013.


/Jim Moseley/
JIM MOSELEY
JUSTICE