**Daniel WAITE, Sr., Appellant,**

v.

**WOODARD, HALL & PRIMM, P.C., Appellee.**

**No. 01–03–00636–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 22, 2004.

David Moody, The Law Offices of David Moody, P.C., Lubbock, TX, for Appellant.

Lawrence S. Rothenberg, Catherine L. Schnanubelt, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, JENNINGS, and KEYES.

## OPINION

SAM NUCHIA, Justice.

Daniel Waite, Sr., appellant, appeals the summary judgment rendered in favor of appellee, Woodard, Hall & Primm, P.C. We reverse the judgment and remand the cause to the court below.

## BACKGROUND

Appellee, former counsel for appellant in his divorce action, intervened in the ongoing divorce action to recover attorney's fees and expenses in the amount of $78,717.52 resulting from its representation of appellant in that suit. The trial court severed the intervention, and set a separate trial date. As the trial date approached, the parties began negotiations for a settlement. Appellee sent appellant a letter making an offer, and appellant made a counter-offer by way of some handwritten interlineations on the letter. Appellee accepted the counter-offer, and this settlement agreement was filed with the trial court as a rule 11 agreement.[1] According to the settlement, appellee agreed to "accept $35,471.28 in settlement of fees and expenses owed," and the parties agreed to "enter into a mutual settlement and release." In addition, appellant agreed to "indemnify and hold [appellee] harmless" against a claim for an expert's fees. Appellant tendered a check in the agreed amount to appellee, but refused to sign the proffered release, which included a release for all future claims between the parties, known or unknown.

Appellee filed a no-evidence motion for summary judgment in which it stated, "This motion for Summary Judgment is filed pursuant to Tex.R. Civ. Proc. 166a(i)." Appellee then argued the enforceability of the rule 11 agreement and asserted that the signed agreement contained all the essential terms of the agreement. The trial court granted appellee's motion. On appeal, appellant complains that (1) the motion for summary judgment was fatally defective because appellee did not identify any elements on which there was no evidence; (2) a fact issue regarding the parties' intent precluded summary judgment; and (3) the summary judgment is interlocutory because it did not dispose of all claims or parties.

## DISCUSSION

### Jurisdiction

■ We first consider appellant's third issue because it is jurisdictional. Appellant contends that the judgment does not claim to dispose of all claims or parties and is therefore interlocutory. Appellant also argues that the judgment is not final because the essential language of a final order is omitted.

■ Since *Lehmann v. Har–Con Corp.*, it has been settled that no magic words are required to make a judgment final. 39 S.W.3d 191, 192–93 (Tex.2001). A judgment is final for purposes of appeal if it actually disposes of all claims and parties, regardless of its language, or states with unmistakable clarity that it is a final judgment as to all claims and parties. *Id.* Whether a judgment is final must be determined from its language and the record in the case. *Id.* at 195.

Here, according to the record, there were only two parties in the severed case,

1. *See* Tex.R. Civ. P. 11.

and they were disposed of in the judgment. The sole issue, as stated by appellant in his reply to the motion for summary judgment, was the breadth of the language of the release proffered by appellee. The judgment disposed of that issue by ordering that the agreed amount be paid by appellant to appellee, that the parties release each other from all causes of action, known and unknown, and that appellant indemnify and hold appellee harmless for the expert's fees. There were no remaining issues to be disposed of. We hold that the judgment is final for purposes of appeal.

We overrule appellant's third issue.

**No–Evidence Motion for Summary Judgment**

■ Under rule 166a(i), a party is entitled to summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX.R. CIV. P. 166a(i). The motion for summary judgment may not be general, but must state the elements on which there is no evidence. TEX.R. CIV. P. 166a(i). The trial court must grant the motion unless the nonmovant produces more than a scintilla of evidence raising a genuine issue of material fact on each of the challenged elements. *See* TEX.R. CIV. P. 166a(i); *Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 317 (Tex.App.-Houston [1st Dist.] 1999, no pet.). The party with the burden of proof at trial has the same burden of proof in the summary judgment proceeding. *Galveston Newspapers, Inc. v. Norris*, 981 S.W.2d 797, 799 (Tex.App.-Houston [1st Dist.] 1998, pet. denied).

In his first issue, appellant contends that appellee did not specify the elements for which there was no evidence and that, as a result, the motion was insufficient because it did not meet the requirements of the rule.

A party cannot move for a no-evidence summary judgment on claims on which that party has the burden of proof. *See* TEX.R. CIV. P. 166a(i). Subsection (i) of rule 166a provides as follows:

> After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which *an adverse party would have the burden of proof at trial.* The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

TEX.R. CIV. P. 166a(i) (emphasis added); *see also Young Ref. Corp. v. Pennzoil Co.*, 46 S.W.3d 380, 385 (Tex.App.-Houston [1st Dist.] 2001, pet. denied) (concluding that no-evidence motion for summary judgment was inappropriate when movant had burden of proof).

Appellee filed its petition in intervention as a party plaintiff and asserted a claim against appellant for breach of contract by appellant's refusal to sign the release proffered by appellee. Appellee had the burden of proof for its breach of contract claim and, to prevail on a motion for summary judgment, was required to establish as a matter of law that appellant breached his contract by refusing to sign the release. In its motion for summary judgment, appellee did not specify any element of appellant's cause of action or defense on which there was no evidence. Indeed, appellee could not specify such an element because appellant did not assert any causes of action or defenses. Therefore, the trial court could not properly render a summary judgment on the ground that

there was no evidence of an essential element of appellant's claim or defense.

■ Appellee argues, on appeal, that it sought summary judgment under the rule for both the "traditional" and the no-evidence summary judgment and that it cited both the traditional summary judgment rule and the no-evidence rule. We construe appellee's references to the "traditional" summary judgment rule to mean that it moved for summary judgment as a matter of law as permitted in rule 166a(c), which provides, in pertinent part,

> The judgment sought shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response....

TEX.R. CIV. P. 166a(c).

■ Appellee's motion began by stating that appellee "files its Motion for Summary Judgment pursuant to Tex. Rule Civ. Proc. 166a...." After reciting the factual background of the case, appellee stated, under the heading "Summary Judgment Standard," "This motion for Summary Judgment is filed pursuant to Tex.R. Civ. Proc. 166a(i)...." Appellee then discussed the standard for a no-evidence summary judgment. Appellee argued for the enforcement of the rule 11 agreement, but did not make any reference to any evidence that would establish, as a matter of law, appellee's interpretation of the agree-ment. Appellee did not refer to subsection (c) of rule 166a and did not, by its argument, attempt to establish that there was no issue of material fact and that it was entitled to judgment as a matter of law. Although rule 166a does not prohibit a hybrid motion, the motion must give fair notice to the non-movant of the basis on which the summary judgment is sought. *Waldmiller v. Cont'l Exp., Inc.*, 74 S.W.3d 116, 123 (Tex.App.-Texarkana 2002, no pet.). We conclude that appellee's motion did not give fair notice that it was attempting to establish its entitlement to judgment as a matter of law under subsection (c). We further conclude that appellee's motion was not a motion for summary judgment under rule 166a(c).

Because appellee's motion for summary judgment did not comply with rule 166a(i) and did not make the required showing under 166a(c), we sustain appellant's first issue.

## CONCLUSION

Our determination of appellant's first issue is dispositive. Therefore, we need not consider appellant's second issue regarding the existence of an issue of fact.

We reverse the judgment and remand the cause to the court below for additional proceedings.