In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00906-CV

____________


STEVEN KIPP and KAREN KIPP, Appellants


V.


DYNCORP TECHNICAL SERVICES, LLC and COMPUTER SCIENCE
CORPORATION, Appellees






On Appeal from the 151st Judicial District Court 

Harris County, Texas

Trial Court Cause No. 2003-49608 





MEMORANDUM OPINION


 This is a premises-liability case in which appellants, Steven and Karen Kipp,
bring five issues to challenge a no-evidence summary judgment rendered in favor of
appellees, Dyncorp Technical Services, LLC (Dyncorp) and Computer Science
Corporation (CSC). The Kipps contend (1) that Dyncorp and CSC filed a defective
no-evidence motion for summary judgment, which should, therefore, be treated as a
traditional motion for summary judgment; (2) that Dyncorp and CSC did not present
a certain ground for summary judgment to the trial court and are thus precluded from
prevailing on that ground on appeal; and (3) that the evidence produced in response
to Dyncorp's and CSC's motion for summary judgment was sufficient to raise a fact
issue to defeat the motion. We affirm.

Background

 In 2002, Steven Kipp was an employee of United Space Alliance, which
worked under contract with NASA. He worked as a software engineer in Building
5 of the Lyndon B. Johnson Space Center, where space simulation and astronaut
training was conducted. Kipp is an epileptic. 

 Dyncorp was the operations-support provider for the premises. Due to an
outbreak of conjunctivitis, also known as pink eye, Dyncorp increased the potable hot
water temperature in the lavatories in Building 5. Kipp acknowledged during
discovery that he was aware that the hot water temperature had been elevated. He
was also aware that the reason for the change was to prevent the astronauts training
in Building 5 from contracting pink eye and thus delaying a launch. 

 On August 23, 2002, while he was taking a break outside Building 5, Kipp
experienced an aura that he recognized, from his 30 years as an epileptic, as a
symptom of an impending seizure. Having learned that running warm water over his
hands sometimes alleviates onset of his seizures, Kipp went to the nearest sink. 
While manipulating the handles of the sink to lower the water temperature, Kipp
experienced a seizure and lost consciousness. During the seizure, Kipp's hands
remained under the flowing hot water and were scalded. 

 Kipp and his wife filed a premises-liability action against Dyncorp, CSC, and
others, seeking damages for the claimed injuries to Kipp's hands and for his wife's
derivative claim for loss of consortium. Dyncorp and CSC were the sole remaining
defendants when trial was reset for June 19, 2006. On May 2, 2006, they filed a no-evidence motion for summary judgment, contending there was no evidence to show
either that Dyncorp and CSC proximately caused Kipp's injury or that Dyncorp and
CSC were liable under a premises liability theory. The trial court rendered a no-evidence summary judgment in favor of Dyncorp and CSC.

Standard of Review

 We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). A no-evidence motion for summary judgment
must be granted if, after adequate time for discovery, the moving party asserts that
there is no evidence of one or more specified elements of a claim or defense on which
the adverse party would have the burden of proof at trial and the respondent produces
no summary judgment evidence raising a genuine issue of material fact on those
elements. Tex. R. Civ. P. 166(a)(i); LMB, Ltd. v. Moreno, 201 S.W.3d 686, 688 (Tex.
2006). 

 A party who files a no-evidence summary judgment motion pursuant to rule
166a(i) has essentially requested a pretrial directed verdict. Mack Trucks, Inc. v.
Tamez, 206 S.W.3d 572, 581 (Tex. 2006). When the movant files its motion in
proper form, the burden shifts to the nonmovant to defeat the motion by presenting
evidence that raises an issue of material fact regarding the elements challenged by the
motion. Id. at 582; Weaver v. Highlands Ins. Co., 4 S.W.3d 826, 829 (Tex.
App.--Houston [1st Dist.] 1999, no pet.). We review the evidence presented by the
summary judgment record in the light most favorable to the party against whom
summary judgment was rendered, crediting evidence favorable to that party if
reasonable jurors could, and disregarding contrary evidence unless reasonable jurors
could not. Mack Trucks, 206 S.W.3d at 581 (citing City of Keller v. Wilson, 168
S.W.3d 802, 827 (Tex. 2005); Johnson v. Brewer & Pritchard, P. C., 73 S.W.3d 193,
208 (Tex. 2002)).

 When the trial court's judgment does not specify which of several grounds
proposed was dispositive, we affirm on any ground offered that has merit and was
preserved for review. FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868,
872-73 (Tex. 2000) (stating general rule); see Price v. Divita, 224 S.W.3d 331, 336
(Tex. App.--Houston [1st Dist.] 2006, pet. denied) (applying rule to Tex. R. Civ. P.
166a(i) motion) (citing State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380
(Tex. 1993) (applying rule to Tex. R. Civ. P. 166a(c) motion); Taylor v. Carley, 158
S.W.3d 1, 8 (Tex. App.--Houston [14th Dist.] 2004, pet. denied) (applying rule to
Tex. R. Civ. P. 166a(i) motion)). If the appealing party does not assert a broad
challenge to rendition of summary judgment or fails to challenge a ground on which
the movant asserted a right to summary judgment in the trial court, we must
affirm--without considering whether the summary judgment was rendered properly
or improperly on the unchallenged ground. See Malooly Bros., Inc. v. Napier, 461
S.W.2d 119, 121 (Tex. 1970) (affirming summary judgment because "it may have
been based on a ground not specifically challenged" on appeal and "there was no
general assignment that the trial court erred in granting summary judgment")
(supporting citations omitted); Vawter v. Garvey, 786 S.W.2d 263, 264 (Tex. 1990)
(proscribing reversal of summary judgment without properly assigned error); Ellis v.
Precision Engine Rebuilders, Inc., 68 S.W.3d 894, 898 (Tex. App.--Houston [1st
Dist.] 2002, no pet.).

Whether Motion Sufficed under Rule 166a(i)

 In their first and third issues, the Kipps contend that we must construe
Dyncorp's and CSC's motion for summary judgment as a traditional motion, filed
pursuant to rule 166a(b), rather than a no-evidence motion, because the motion did
not state the grounds on which Dyncorp and CSC contended there was no evidence. 
See Weaver, 4 S.W.3d at 829 n.2 (ruling that conclusory motion did not comply with
rule 166a(i) and declining to apply rule 166a(i) standard of review). Rule 166a does
not prohibit combining a traditional motion for summary judgment as a matter of law
pursuant to subsection (c) of the rule with a no-evidence motion that relies on
subsection (i). Binur v. Jacobo, 135 S.W.3d 646, 650-51 (Tex. 2004). A motion that
combines both bases for summary judgment is sufficient if it sets forth its grounds
clearly and complies otherwise with rule 166a. See id. at 651.

A. Requirements of Rule 166a(i)

 A no-evidence motion for summary judgment must state the elements as to
which there is no evidence. Tex. R. Civ. P. 166a(i). As the comment to rule 166a(i)
instructs, "The motion must be specific in challenging the evidentiary support for an
element of a claim or defense; paragraph (i) does not authorize conclusory motions
or general no-evidence challenges to an opponent's case." Tex. R. Civ. P. 166a, 1997
Comment; see Kadhum v. Homecomings Fin. Network, Inc., No. 01-05-00705-CV,
2006 WL 1125240, *4 (Tex. App.--Houston [1st Dist.] April 27, 2006, no pet.)
(noting that comment "is intended to inform the construction and application of the
rule"; citing comment and Weaver, 4 S.W.3d at 829 n.2). In Weaver, this Court
applied the traditional standard of review for summary judgments, holding that the
defendant's motion for summary judgment was insufficient under Texas Rule of Civil
Procedure 166(a)(i) for the following reasons: it was conclusory, it did not allege that
Weaver lacked evidence, and it did not challenge a particular element. Weaver, 4
S.W.3d at 829 & n.2.

 A no-evidence motion for summary judgment must, therefore, explicitly state
that there is no evidence of one or more elements of the opponent's claim or claims,
which the motion must also identify. See Kadhum, 2006 WL 1125240 at *4 (citing
Johnson v. Felts, 140 S.W.3d 702, 706 (Tex. App.--Houston [14th Dist.] 2004, pet.
denied); Cmty. Initiatives, Inc. v. Chase Bank, 153 S.W.3d 270, 279-80 (Tex.
App.--El Paso 2004, no pet.)). The dispositive inquiry is whether the motion
provides fair notice to the nonmovant of the basis on which summary judgment is
sought. See Waite v. Woodward, Hall & Primm, P.C., 137 S.W.3d 277, 281 (Tex.
App.--Houston [1st Dist.] 2004, no pet.) (holding that motion did not provide fair
notice that movant sought traditional, as opposed to no-evidence summary judgment);
accord Binur, 135 S.W.3d at 651 (holding that movant did not waive no-evidence
grounds asserted in motion for summary judgment, either by combining no-evidence
and traditional grounds in same motion for summary judgment or by attaching proof
to motion in support of traditional grounds). 

B. Discussion

 Dyncorp and CSC entitled their motion a "no-evidence motion for summary
judgment." The motion cited rule 166a(i) expressly and invoked the no-evidence
standard of review. Though Dyncorp and CSC also argued that they were entitled,
in the alternative, to summary judgment under traditional, rule 166a(b) standards, the
motion concluded by asking the trial court to grant the no-evidence motion and to
grant dismissal with prejudice. The Kipps' response acknowledged the motion as a
no-evidence motion filed pursuant to rule 166a(i). In rendering summary judgment
in favor of Dyncorp and CSC, moreover, the judgment of the trial court specified that
it was granted on no-evidence grounds. 

 The Kipps' live pleadings assert claims for negligence under a premises-defect
theory of liability and allege that Dyncorp and CSC owed Kipp a duty as their invitee. 
To prevail on their premises-liability claim, the Kipps had to prove that (1) Dyncorp
and CSC had actual or constructive knowledge of some condition on the premises,
(2) the condition posed an unreasonable risk of harm, (3) Dyncorp and CSC did not
exercise reasonable care to reduce or eliminate the unreasonable risk of harm, and (4)
their failure to use reasonable care to reduce or eliminate the unreasonable risk of
harm proximately caused the Kipps' injuries. See LMB, Ltd., 201 S.W.3d at 688. The
proximate cause element has two components, cause-in-fact and foreseeability. Id. 

 At the conclusion of the introductory portion of their motion for no-evidence
summary judgment, Dyncorp and CSC argued there was "no evidence that has been
produced or developed by [the Kipps] that [Dyncorp and CSC were] negligent or
even owe[d the Kipps] a duty." Dyncorp and CSC further specified additional no-evidence contentions, in two differently numbered sections of the argument portion
of their motion. In the first section, they argued that the Kipps "cannot establish" that
Dyncorp and CSC proximately caused the Kipp's injuries under the "substantial
factor" standard for either the cause-in-fact element of proximate cause or the
foreseeability element of proximate cause. See generally Lear Siegler, Inc. v. Perez,
819 S.W.2d 470, 471-72 (Tex. 1991) (adopting Restatement (Second) of Torts
§ 431 cmt. a (1965) (substantial factor test for cause-in-fact analysis)); Doe v. Boys
Clubs. Inc., 907 S.W.2d 472, 477 (Tex. 1995) (addressing foreseeability element of
proximate cause). 

 In the second section of their argument section, Dyncorp and CSC focused on
all elements of proof that the Kipps would have to establish to prevail on their
premises-liability claim, as follows: that a condition on the premises posed an
unreasonable risk of harm; that Dyncorp and CSC knew or should have known of the
danger; (1) yet failed to exercise ordinary care to protect Kipp, either by failing to
adequately warn or by making the condition reasonably safe. Having first stated the
specifics of their no-evidence grounds, Dyncorp and CSC summarized them as
contending that the Kipps "have failed to produce any evidence in support of a
premises theory." 

 We hold that Dyncorp's and CSC's motion complied with rule 166a, clearly
stated the no-evidence grounds asserted in the motion, and sufficiently challenged the
existence of any material issue of fact on all elements of the Kipps' premises-liability
claim, including both components of probable cause, to a degree sufficient to provide
fair notice to the Kipps that Dyncorp and CSC had invoked rule 166a(i) and sought
to prevail on that basis. See Binur, 135 S.W.3d at 651; Waite, 137 S.W.3d at 281. At
that point, therefore, the burden shifted to the Kipps to present summary judgment
evidence to defeat Dyncorp's and CSC's no-evidence motion. Tex. R. Civ. P.
166a(i); Mack Trucks, 206 S.W.3d at 582; Weaver, 4 S.W.3d at 829-30. 

 We overrule the Kipps' first and third issues.

Whether Failure to Challenge All Possible Grounds Bars Review of Merits

 In their second, fourth, and fifth issues, the Kipps contend that they provided
sufficient summary judgment evidence to raise an issue of fact to defeat Dycorp's and
CSC's motion concerning the following: proximate cause and whether Dyncorp and
CSC actually knew or should have known of the dangerous condition in building D. 
 Yet, Dyncorp and CSC moved for no-evidence summary judgment by
challenging whether evidence existed as to all elements of the Kipps' premises-liability claim and not solely the dual components of proximate cause and whether
Dyncorp and CSC had actual or constructive knowledge of the alleged danger. In
addition to challenging those elements on no-evidence grounds, Dyncorp's and
CDC's motion for summary judgment also challenged the two additional elements
that the Kipps would have to prove in order to prevail, specifically, whether any
evidence existed regarding a condition on the premises that created an unreasonable
risk of harm and whether they breached any duty to Kipp, either by failing to warn
him of the alleged danger or make the condition safe. See generally LMB, Ltd., 201
S.W.3d at 688; Comm. on Pattern Jury Charges, State Bar of Tex. Premises
Tex. Pattern Jury Charges PJC 66.3 (2000 ed.).

 DTS and CSC alleged that the Kipps had no evidence of any elements of their
premises liability claims, and the trial court did not specify the no-evidence grounds
on which it relied in rendering no-evidence summary judgment. Accordingly, the
Kipps must demonstrate on appeal that none of the proposed grounds is sufficient to
support the judgment. See FM Props. Operating, 22 S.W.3d at 872-73; Price, 224
S.W.3d at 336. But the Kipps' issues on appeal do not address two of the possible
grounds on which the trial court may have rendered no-evidence summary judgment. 
Moreover, they have not asserted a broad, global challenge contending that the trial
court erred by rendering summary judgment. See Malooly Bros., 461 S.W.2d at 121. 
Under the circumstances, we affirm, without regard to whether the trial court's ruling
was correct or erroneous. See FM Props. Operating, 22 S.W.3d at 872-73; Malooly
Bros., 461 S.W.2d at 121; Ellis, 68 S.W.3d at 898; see also Vawter, 786 S.W.2d at
264 (proscribing reversal of summary judgment without properly assigned error).

Conclusion


 We affirm the judgment of the trial court.




 Sherry Radack


 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Bland.
1. In their fourth issue, the Kipps contend that Dyncorp's and CSC's motion did not
challenge the alternative "should have known of the danger" element of the Kipps'
premises-liability claim. The record contradicts the Kipps' contention; accordingly,
we overrule the fourth issue.