**Opinion issued February 13, 2014.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-12-00982-CV**

————————————

**MONCIE RASMUS, JR., Appellant**

**V.**

**KANETRA WOODARD, HEIR, AND ESTATE OF ROBERT GREGORY PATRICK, DECEASED, Appellees**

---

**On Appeal from the Probate Court No. 2**
**Harris County, Texas**
**Trial Court Case No. 401484401**

---

**MEMORANDUM OPINION**

The Estate of Robert Gregory Patrick and Kanetra Woodard, as heir of the estate, ("Appellees") sued A. Charles Gaston, the independent administrator of the estate, and Moncie Rasmus, Jr., the attorney of Gaston, to recover $13,802.75 in funeral expenses paid by Woodard and $11,780.50 in attorney's fees Rasmus was

paid by the estate. The trial court granted Appellees' traditional motion for summary judgment. The judgment recites that Rasmus and Gaston are liable for the funeral expense, the fees Rasmus was paid by the estate, and the attorney's fees and costs incurred by Appellees in bringing the suit, which total $36,623. Rasmus appeals, arguing that the trial court erred in granting summary judgment. We reverse and remand.

## Background

On November 10, 2010, Patrick died intestate, leaving two heirs, his spouse, Linda Raye Taylor, and his daughter, Woodard. On June 1, 2011, Gaston was appointed as independent administrator of Patrick's estate.

It is undisputed that Gaston, on behalf of the estate and with estate funds, paid Rasmus $11,780.50 for attorney's fees and expenses on December 14, 2011. On March 15, 2012, Woodard filed a sworn statement seeking reimbursement of $13,802.75 that she spent on Patrick's funeral. On April 12, 2012, Woodard and the estate sued Rasmus and Gaston for negligent management of estate funds to recover $13,802.75 in funeral expenses, and to recover the $11,780.50 "overpayment" of attorney's fees to Rasmus. They also sought $5,283 in attorney's fees and court costs incurred in bringing the suit. On April 23, 2012, Rasmus filed an application to approve work performed on behalf of his client, Gaston, and the payment of $11,780.50 attorney's fees.

On June 13, 2012, Appellees filed a Traditional Motion for Final Summary Judgment on the funeral expenses and Rasmus's attorney's fees.[1] The motion also requested that the trial court award Appellees an additional $5,757 in attorney's fees and court costs incurred in bringing the suit. With regard to the $11,870.50 "overpayment" of fees to Rasmus, Appellees argued that Rasmus should forfeit the payment because it was excessive. Appellees attached no evidence to support this contention. Rather, they argued the fees were excessive because (1) they exceeded ten percent of the gross value of the estate and (2) Rasmus was not the independent administrator.

With regard to the funeral expenses, the motion stated that "there is no genuine issue of material fact that the Independent Administrator is fully responsible for the Class I, Funeral Expense" of $13,802.75. The evidence attached to the motion was a copy of the "filing of sworn statement supporting claim against estate," which Woodard had filed with the court and which included the receipt reflecting that the funeral expenses had been paid in full.

Rasmus's response stated that Woodard had previously urged the same motion and that the trial court "should take judicial knowledge of the fact that there are numerous issues of fact to be resolved in this matter." In support of his

---

[1] Appellees also filed a motion "for final no-evidence summary judgment" on the same day. The trial court entered an order granting only the traditional motion.

response, Rasmus filed his own affidavit in which he averred: "there are numerous fact issues to be resolved in this matter."

On July 24, 2012, the trial court held a hearing on the motion. The trial court stated that he was granting the traditional summary judgment motion because Rasmus did not file a proper response containing evidence to raise a fact issue. On the same day, the trial court entered an order granting the traditional motion for final summary judgment. It awarded Appellees $25,583 for the funeral expenses and excessive attorney fees paid to Rasmus, and $11,040 in reasonable attorney fees and court costs, for a total award of $36,623 against Rasmus and Gaston. On August 22, 2012, Rasmus filed a motion for new trial, which the trial court denied after a hearing. Rasmus appealed.[2]

## Discussion

Rasmus challenges the summary judgment on the basis that Woodard and the estate failed to meet their summary judgment burden. He contends that the trial court erroneously entered a default summary judgment.

### A. Standard of Review

In a traditional summary judgment motion, the movant has the burden to show that no genuine issue of material fact exists and that the trial court should grant judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick*

---

[2] Gaston did not appear at the summary judgment hearing and did not appeal.

4

*v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). "A plaintiff moving for summary judgment must conclusively prove all essential elements of its claim." *Cullins v. Foster*, 171 S.W.3d 521, 530 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (citing *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986)).

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When reviewing a summary judgment motion, we must (1) take as true all evidence favorable to the nonmovant and (2) indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)); *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997)).

**B.    Analysis**

Appellees sued in negligence. Rasmus contends that the trial court erred in granting summary judgment on Appellees' claim for funeral expenses because Appellees failed to conclusively prove that Rasmus owed a duty to Woodard or the estate and because Rasmus, who was the attorney for the estate's independent administrator, cannot be liable for funeral expenses as a matter of law. Rasmus also contends that the trial court erred in ordering the forfeiture of Rasmus's attorney's fees and awarding Appellees attorney's fees and costs of $11,040.

As a preliminary matter, Appellees argue that Rasmus has waived any complaint by filing an inadequate summary judgment response that did not adduce any evidence. A party may bring a no-evidence motion to assert that "there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). But here, Appellees could file only a traditional motion for summary judgment because they had the burden of proof on the claims for which they requested summary judgment. *See Waite v. Woodard, Hall & Primm, P.C.*, 137 S.W.3d 277, 280 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing TEX. R. CIV. P. 166a(i)) ("A party cannot move for a no-evidence summary judgment on claims on which that party has the burden of proof."). Thus, Appellees could not obtain a summary judgment based on Rasmus's failure to adduce evidence in his response. Rather, Appellees had to conclusively prove the elements of their claims to be entitled to summary judgment. *See* TEX. R. CIV. P. 166a(a), (c); *Jones*, 710 S.W.2d at 60 (plaintiff entitled to summary judgment on cause of action if conclusively proves all essential elements of claim).

1.    **Did Woodard conclusively establish that Rasmus was personally liable for funeral expenses she incurred?**

In his first issue, Rasmus contends that the trial court erred in holding Rasmus liable for the funeral expenses because he is not liable for them as a matter

of law.  Rasmus contends that Woodard could not sue Rasmus for the funeral expenses under a negligence theory because she was not in privity with him.

"The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013) (quoting *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)).  Thus, a legal duty must exist to prevail on a negligence claim.  *See id.*

In moving for summary judgment on the funeral expenses, Appellees relied on sections 320A, 322, and 378B of the Texas Probate Code.  Section 320A of the Texas Probate Code provides that:

> When personal representatives pay claims for funeral expenses and for items incident thereto, such as tombstones, grave markers, crypts or burial plots, they shall charge the whole of such claims to the decedent's estate and shall charge no part thereof to the community share of a surviving spouse.

TEX. PROBATE CODE § 320A.  Section 322 classifies a claim against an estate for funeral expenses, not exceeding $15,000, as a Class 1 claim, which has priority of payment over other claims against the estate.  TEX. PROBATE CODE § 322.  Section 322 also provides that the funeral expenses must be "approved by the court."  *See id.*  Section 378B provides that "all expenses incurred in . . . funeral expenses . . . shall be charged against the principal of the estate."  TEX. PROBATE CODE § 378B(a).

While these provisions establish that funeral expenses up to $15,000 receive priority over other claims, they do not create a duty on the part of Rasmus to pay them. And Appellees presented no evidence that Rasmus was in privity with Woodard or owed a duty to Woodard by which he could be personally liable for the funeral expenses that Woodard paid. Because Appellees sued in negligence, they were required to demonstrate that Rasmus owed a duty to pay the funeral expenses. *See Goss*, 392 S.W.3d at 113. Because Appellees did not do so, we conclude that the trial court erred in granting summary judgment on that claim. *See Chapman Children's Trust v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 442 (Tex. App.—Houston [14th Dist.] pet. denied) (holding that "[b]ecause it is undisputed that the [plaintiffs] were not represented by [attorney-defendants], any claim that the [plaintiffs] were damaged by [defendants'] negligence, if any, during the course of the firm's representation of [defendant's client] fails as a matter of law").

### 2. Did the estate's payment of Rasmus's fees violate section 241 of the Probate Code?

In his second issue, Rasmus contends that the trial court erred in granting summary judgment for forfeiture of Rasmus's attorney fees and expenses on the ground that his fees and expenses were excessive and violated section 241 of the Texas Probate Code. *See* TEX. PROBATE CODE § 241.

Section 241 provides that

8

> Executors, administrators, and temporary administrators shall be entitled to receive a commission of five per cent (5%) on all sums they may actually receive in cash, and the same per cent on all sums they may actually pay out in cash, in the administration of the estate . . . however, that in no event shall the executor or administrator be entitled in the aggregate to more than five per cent (5%) of the gross fair market value of the estate subject to administration.

*Id.*

Appellees asserted in their summary judgment motion that Rasmus's attorney's fees and expenses were excessive because they exceeded five percent of the gross value of the estate, in violation of Section 241. But Section 241 applies to executors and administrators, and did not apply to Rasmus because he was not an executor or an administrator of Patrick's estate. *See id.* Accordingly, Appellees failed to conclusively prove that Rasmus's fees should be forfeited on the ground that they violate Section 241. *See id.* Appellees did not articulate any other basis for forfeiture of the $11,780.50 fee paid to Rasmus, and they adduced no evidence demonstrating that Rasmus's attorney's fees were excessive. Accordingly, we conclude that the trial court erred in granting summary judgment on that claim. *See Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) (concluding pleadings are not competent summary judgment evidence, even if sworn or verified); *Oko v. Oguntope*, No. 01-06-00589-CV, 2007 WL 852662, at *5–6 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding evidence supported finding that attorney's fees not excessive because party contesting

9

attorney's fees failed to address reasonableness factors for attorney's fees or provide evidence to support argument that fees were excessive).

**3.     Did the trial court err in awarding attorney's fees to Appellees?**

Rasmus also challenges the $11,040 award of attorney's fees and court costs. Having concluded that the trial court erred in granting summary judgment against Rasmus on the claims for funeral expenses and forfeiture of Rasmus's attorney's fees, we also reverse the trial court's judgment holding Rasmus liable for Appellees' attorney's fees. *See State Farm Lloyds v. C.M.W.*, 53 S.W.3d 877, 885, 895 (Tex. App.—Dallas 2001, pet. denied) (reversing trial court's judgment awarding attorney's fees because trial court improperly granted summary judgment in favor of that party).

## Conclusion

We reverse the trial court's judgment against Rasmus and remand the cause for further proceedings.


Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

10